If the representations by Allstate's agent were only promissory in nature, then the trial court erred in not directing a verdict for Allstate and in not entering the JNOV requested by Allstate, for there was not a scintilla of evidence that Allstate intended not to rebuild the Hilleys' house, replace the Hilleys' house, or pay the Hilleys $38,000 if their house was destroyed by fire at the time Allstate's agent told the Hilleys that is what Allstate would do.
However, I do not view the representations of Allstate's agent as futuristic. I view these as representations as to what the policy of insurance bound Allstate to do in the event the Hilleys sustained a loss. These representations were misrepresentations because they did not reflect what the language of the policy bound Allstate to do on July 24, 1985, when Allstate's agent made these representations. The replacement-cost provision in the Allstate policy had been held by this Court to be valid and binding before these representations were made. See Huggins v. Hanover InsuranceCo., 423 So.2d 147 (Ala. 1982); see also, Hilley v. AllstateIns. Co., 562 So.2d 184, 189 (Ala. 1990).